IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Rhodes, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:16-2741-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| A. Mansukhani, Warden Estill FCI, SC, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Antonio Rhodes ("Rhodes") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Austin recommends granting Respondent's motion for summary judgment and dismissing Rhodes' § 2241 petition.

**I. FACTUAL AND PROCEDURAL HISTORY**

Rhodes is currently incarcerated at FCI Estill. On September 5, 1995, Rhodes was arrested by the Hillsborough County Sheriff's Department in Tampa, Florida for bank robbery. (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. ¶ 4), ECF No. 17-2.) Rhodes was held in state custody on the bank robbery charge, as well as outstanding charges for grand theft, robbery,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

battery on a law enforcement officer, and robbery with a firearm and aggravated battery. (Id. Ex. 2 (Erickson Decl. ¶ 4), ECF No. 17-2.)

On October 26, 1995, Rhodes was indicted in the United States District Court for the Middle District of Florida for bank robbery in violation of 18 U.S.C. § 2113(a). (Id. Ex. 2 (Erickson Decl. ¶ 5), ECF No. 17-2.) The United States Marshals Service borrowed Rhodes from the State of Florida pursuant to a writ of habeas corpus ad prosequendum on November 22, 1995. (Id. Ex. 2 (Erickson Decl. ¶ 6 & Ex. 6 to Decl.), ECF No. 17-2.) On March 28, 1996, Rhodes was sentenced to 130 months' imprisonment by the United States District Court for the Middle District of Florida ("federal sentence"). (Id. Ex. 2 (Erickson Decl. ¶ 7 & Ex. 7 to Decl.), ECF No. 17-2.) The United States Marshals Service returned Rhodes to the custody of the State of Florida on April 1, 1996; placing the federal judgment and commitment as a detainer. (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. ¶ 8 & Ex. 6 to Decl.), ECF No. 17-2.)

On April 12, 1996, Rhodes was sentenced by the Circuit Court of Hillsborough County, Florida to 60 months' imprisonment for grand theft; life imprisonment for robbery, which was subsequently reduced to a term of 30 years' imprisonment; 60 months' imprisonment for battery on a law enforcement officer; and 154 months' imprisonment for robbery with a firearm and aggravated battery. (Id. Ex. 2 (Erickson Decl. ¶ 9 & Ex. 8 to Decl.), ECF No. 17-2.) All terms were ordered to run concurrently with each other and the federal sentence. (Id. Ex. 2 (Erickson Decl. ¶ 9), ECF No. 17-2.)

Rhodes was released from the Florida Department of Corrections into the custody of the United States Marshals Service to begin service of his federal sentence on July 21, 2014. (Id. Ex. 2 (Erickson Decl. ¶ 10), ECF No. 17-2.) Rhodes' federal sentence was computed to

commence on July 21, 2014, the day he came into federal custody. (Id. Ex. 2 (Erickson Decl. ¶ 17 & Ex. 8 to Decl.), ECF No. 17-2.) Rhodes was not awarded prior custody credit for any time prior to July 21, 2014. (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. ¶ 17 & Ex. 8 to Decl.), ECF No. 17-2.) Rhodes' projected release date is December 28, 2023. (Id. Ex. 2 (Erickson Decl. Ex. 8), ECF No. 17-2.)

On August 1, 2016,[2] Rhodes filed the instant petition pursuant to § 2241, arguing that the Federal Bureau of Prisons ("BOP"): (1) abused its discretion by refusing his request for a nunc pro tunc designation or retroactive concurrent credit and (2) erred in refusing to give him credit for his federal sentence because he was in federal custody when the state court nolle prossed state charges because the charges had been adopted by federal authorities for federal prosecution. (§ 2241 Pet. 8-9, ECF No. 1.) Respondent filed a motion to dismiss or, in the alternative, for summary judgment on October 14, 2016. (Mot. Summ. J., ECF No. 16.) On October 17, 2016, Respondent amended its motion to dismiss or, in the alternative, for summary judgment.[3] (Am. Mot. Summ. J., ECF No. 17.) On November 16, 2016, Rhodes filed a response in opposition. (Resp. Opp'n Am. Mot. Summ. J., ECF No. 20.) Magistrate Judge Austin issued a Report and Recommendation on February 24, 2017, recommending granting Respondent's motion and dismissing Rhodes' petition. (R&R, ECF No. 23.) Rhodes filed timely objections on March 7, 2017. (Objs., ECF No. 25.) This matter is now ripe for consideration.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Magistrate Judge Austin treated Respondent's amended motion to dismiss or, in the alternative, for summary judgment as a motion for summary judgment because the magistrate judge considered matters outside of the pleadings. (R&R 8 & n.4, ECF No. 23.)

## II. Factual and Procedural History

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court was able to glean three specific objections. Rhodes objects that the magistrate judge erred by finding that the BOP did not err in: (1) calculating the start date of his federal sentence, (2) denying a prior custody credit for his time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum, and (3) denying his nunc pro tunc request. (Objs., generally, ECF No. 25.)

### 1. Commencement of Federal Sentence

Rhodes objects that the magistrate judge erred in finding that the BOP did not err by calculating his sentence to begin on July 21, 2014. (Id. at 2-4, ECF No. 25.) Rhodes argues that, at the time of sentencing, he was solely in federal custody and therefore his federal sentence began at that time. (Id. at 2-3, ECF No. 25.) In support of his argument, Rhodes notes that the State of Florida nolle prossed charges related to his federal prosecution on November 15, 1995, and issued a writ of habeas corpus ad prosequendum on February 20, 1996, requesting that Rhodes be returned to state custody to face trial on other charges. (Id. at 2 & Ex. 1 (Supp. Docs. 1-3), ECF Nos. 25 & 25-1.)

When a court imposes a federal criminal sentence, the BOP is responsible for computing the inmate's term of imprisonment. United States v. Wilson, 503 U.S. 329, 334 (1992) (recognizing that the United States Attorney General has delegated this authority to the BOP). Calculation of a federal sentence is governed by 18 U.S.C. § 3585 and requires that the BOP

(1) ascertain the date on which the federal sentence commences and (2) determine the extent to which the inmate may receive credit for time spent in custody prior to the commencement of the sentence.

Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998). When a federal court sentences a defendant who is in state custody and is borrowed by federal authorities to dispose of federal charges pursuant to a writ of habeas corpus ad prosequendum, the inmate is not in federal custody. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). The inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. Id.

Although the State of Florida dismissed several of Rhodes' pending charges, it did not dismiss charges for one count of third degree grand theft and two counts of robbery. (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. Exs. 2-3), ECF No. 17-2.) Because the state never dismissed Rhodes' other pending charges, the state never relinquished custody of Rhodes. Therefore, the magistrate judge did not err in finding that the BOP properly calculated the commencement date of Rhodes' federal sentence. As a result, Rhodes' objection is without merit.

### 2. Prior Custody Credits

Rhodes objects that the magistrate judge erred in finding that the BOP did not err in finding that he was not entitled to prior custody credit for his time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum. (Objs. 7, ECF No. 25.)

> Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:
>
> (b)   Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Section 3585(b) authorizes an award of prior custody credit only for time "that has not been credited against another sentence." United States v. Wilson, 503 U.S. 329, 333 (1992). Therefore, prior custody credit cannot be awarded for time that is credited toward a prisoner's state sentence. See United States v. Brown, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (unpublished) (noting that under § 3585(b), "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

In the instant case, Rhodes received prior custody credit on his state sentence for the time he was borrowed pursuant to the writ of habeas corpus ad prosequendum. (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. Ex. 8), ECF No. 17-2.) Therefore, the magistrate judge did not err in finding that the BOP properly denied prior custody credit for the time in which he was in federal custody pursuant to the writ of habeas corpus ad prosequendum. As a result, Rhodes' objection is without merit.

### 3. Refusal to Grant Nunc Pro Tunc Designation

Rhodes argues that the BOP abused its discretion by refusing to grant him a nunc pro tunc designation so that his state sentence would run consecutively with his federal sentence because the state sentencing court ordered that his state sentence should run concurrently with his federal sentence. (Objs. 4-6, ECF No. 25.) Further, Rhodes argues that the BOP's decision "amounted to an unconstitutional usurpation of a judicial function by an executive agency," and violated the principle of comity. (Id. at 4-5, ECF No. 25.)

"Multiple terms of imprisonment imposed at different times run consecutively unless the [federal] court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). "[N]either the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." Barden v. Keohane, 921 F.2d 476, 478 n.4 (3rd Cir. 1990.) An inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes an nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. Evans, 159 F.3d at 911-12. Section 3621(b) enumerates the following factors for the BOP to consider in making nunc pro tunc designations: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any pronouncements made by the sentencing court; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). The BOP is afforded "wide latitude" in exercising its delegation authority under § 3621(b). Trowell v. Beeler, No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished).

In determining whether Rhodes should be granted nunc pro tunc designation, the BOP considered the § 3631(b) factors.  First, the BOP sent a letter to the Honorable Richard A. Lazzara, United States District Judge for the Middle District of Florida, to obtain the court's position regarding a retroactive nunc pro tunc designation.  (Am. Mot. Summ. J. Ex. 2 (Erickson Decl. ¶ 14), ECF No. 17-2.)  On December 12, 2014, Judge Lazzara issued an order deferring to the BOP as to whether Rhodes should be granted a nunc pro tunc designation because the sentencing judge, the Honorable Ralph Nimmons, was deceased.  (Id. Ex. 2 (Erickson Decl. Ex. 13), ECF No. 17-2.)  Next, the BOP considered the relevant factors and found that the nature and circumstances of Rhodes' offense, his history and characteristics, the statement of the sentencing court, and the pertinent policy statements of the Sentencing Commission favored denying Rhodes' request.  Upon review, the BOP did not abuse its discretion in finding that Rhodes should not be granted nunc pro tunc designation.  As a result, Rhodes' objection is without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.  Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Rhodes' petition with prejudice.

It is therefore

**ORDERED** that Respondent's amended motion for summary judgment, docket number 17, is granted and Rhodes' § 2241 petition is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 28, 2017

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.